**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DONALD LEE CURTIS,**

                      **Plaintiff,**                **9:15-cv-718
                                                            (GLS/TWD)**

                  v.

**R. BOLA et al.,**

                        **Defendants.**
_____
**APPEARANCES:**                                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Donal Lee Curtis
Pro se
86-A-3111
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

**FOR THE DEFENDANTS:**
HON. ERIC SCHNEIDERMAN     JUSTIN L. ENGEL
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe
Senior District Judge**

## ORDER

The above-captioned matter comes to this court following an Order

and Report and Recommendation (R&R) by Magistrate Judge Thérèse

Wiley Dancks, duly filed on November 1, 2016.  (Dkt. No. 35.)  Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

Defendants R. Bola and D. G. DuBrey object to the R&R on two grounds.  (Dkt. No. 36.)  First, defendants contend that it was error for Judge Dancks to excuse Curtis' failure to comply with Local Rule of Practice 7.1(a)(3), and, second, defendants argue that, because there was "no evidence to support [Curtis'] claim [that his grievance appeals were destroyed], apart from his own speculative and conclusory statements," summary judgment for failure to exhaust administrative remedies should be entered in their favor.[1]  (Dkt. No. 36, Attach. 1 at 2-7.)  While both objections may fairly be characterized as specific, and therefore trigger *de novo* review, *see Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006), the court nonetheless adopts the R&R for exactly the reasons expressed by Judge Dancks.  (Dkt.

---

[1] Defendants also mention that Judge Dancks failed to address its arguments regarding *Dorsey v. Ingerson*, No. 9:10-CV-1030, 2014 WL 5769109 (N.D.N.Y. Nov. 5, 2014).  (Dkt. No. 36, Attach. 1 at 6-7 & n.2; Dkt. No. 29, Attach. 2 at 10-11.)  Without knowing exactly what the plaintiff argued or offered as evidence in that case, it is difficult to say whether it is sufficiently analogous to the present matter to make any difference.  More importantly, the court concurs with Judge Dancks that the facts and circumstances surrounding Curtis' claim that his grievance appeals were not processed, (Dkt. No. 35 at 18-19), creates an issue of fact best resolved at the conclusion of an evidentiary hearing.

2

No. 35 at 13-15, 18-20.)

Accordingly, it is hereby

**ORDERED** that the Order and Report and Recommendation (Dkt. No. 35) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 29) is **DENIED**; and it is further

**ORDERED** that this matter be scheduled for an evidentiary hearing on the issue of exhaustion of administrative remedies before Judge Dancks; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the court's Local Rules.

**IT IS SO ORDERED.**

January 12, 2017
Albany, New York

Gary L. Sharpe
U.S. District Judge